UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LUIS M. ROMAN,

                                Plaintiff,

    vs.                                                             9:06-CV-1071
                                                                                (GLS/GJD)

J. DONELLI, Superintendent,
Bare Hill Correctional Facility, et al.,

                                Defendants.
_____

LUIS M. ROMAN
Plaintiff pro se

GERALD J. ROCK
Asst. Attorney General for Defendants

GUSTAVE J. DI BIANCO, United States Magistrate Judge

## REPORT-RECOMMENDATION

      This matter has been referred to me for Report and Recommendation by the Honorable Gary L. Sharpe, United States District Judge pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

      In this civil rights complaint, plaintiff alleges that he was denied the opportunity for a "bedside" visit to his wife prior to her death and then later denied a "funeral visit." (Dkt. No. 1). Plaintiff alleges that the defendants' actions violated both plaintiff's rights to Due Process and Equal Protection. Plaintiff seeks substantial monetary relief.

      Presently before the court is the defendants' motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). (Dkt. No. 15). Plaintiff responded in opposition to the motion.

(Dkt. No. 16). Defendants filed a reply, and plaintiff filed a sur-reply. (Dkt. Nos. 17, 19). For the following reasons, this court agrees with defendants and will recommend dismissal of the complaint.

## DISCUSSION

**1.    Motion to Dismiss**

A court may not dismiss an action pursuant to Rule 12(b)(6) unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir. 1994) (citing *inter alia Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The court must accept the material facts alleged in the complaint as true. *Id*. (citing *Cooper v. Pate,* 378 U.S. 546 (1964)(per curiam)). In determining whether a complaint states a cause of action, great liberality is afforded to *pro se* litigants. *Platsky v. Central Intelligence Agency*, 953 F.2d 26, 28 (2d Cir. 1991)(citation omitted).

When considering a motion to dismiss for failure to state a claim, the court may consider the complaint, together with any documents attached as exhibits or incorporated by reference. *See Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1998). The court may also consider public documents and those of which judicial notice may be taken. *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773-74 (2d Cir. 1991). When matters outside the pleadings are presented, the court may either exclude those matters or treat the motion as one for summary judgment under FED. R. CIV. P. 56. FED. R. CIV. P. 12(b).

In this case, plaintiff has attached a number of documents to his complaint that

the court will consider in conjunction with this motion to dismiss.

## 2. Facts

Plaintiff alleges that on June 6, 2006, he was notified by the Chaplain's Office at Bare Hill Correctional Facility that his wife was very ill and had been taken to the hospital. Complaint ¶ 6. Plaintiff states that on July 20, 2006, he learned that his wife was going to be moved to another hospital, and plaintiff told someone in the Chaplain's office that plaintiff would like to apply for a "bedside visit." *Id.*

Plaintiff claims that he was told that he needed to produce a document proving that the woman he wished to visit was his wife. Plaintiff did not have any such document with him in prison, so he had to obtain a copy from the Schenectady City Hall Clerk. Complaint ¶ 6, p.2. Notwithstanding plaintiff's later submission of this document, plaintiff was denied the "bedside visit." *Id.* On August 5, 2006, plaintiff learned that his wife had died, and then requested that he be allowed to attend the funeral. *Id.* Plaintiff alleges that he asked someone in the Chaplain's Office to submit the required paperwork, and although this was accomplished, defendant Deputy Superintendent Jubert denied the requested funeral visit.

Plaintiff claims that the defendants acted in violation of the Department of Correctional Services Directives in failing to conduct a proper investigation into whether plaintiff should be allowed to attend his wife's funeral. Plaintiff also claims that the defendants violated his right to Equal Protection and Due Process when they denied him both the deathbed and funeral visits. Finally, plaintiff claims that defendants violated his Eighth Amendment right to be free from cruel and unusual

punishment. Complaint at ¶ 6, pp.2(A)-3 & ¶ 7.

3. **Deathbed/Funeral Visit**

   **A. Due Process**

In order for plaintiff to state a claim for the denial of due process, he must first allege that he was deprived of a liberty or property interest. *Verrone v. Jacobson*, 95 Civ. 10495, 1999 U.S. Dist. LEXIS 3593, *13 (S.D.N.Y. March 23, 1999). It is only if plaintiff can show that he had a protected liberty or property interest that the court can then determine whether the deprivation of that interest occurred without the process that was "due" under the circumstances. *Id.*

It is well-settled that there is no constitutionally protected liberty or property interest in attending the funeral of a family member. *Id.* at *14-15; *Odom v. Coombe*, 95 Civ. 6378, 1998 U.S. Dist. LEXIS 3210, *8-9 (S.D.N.Y. March 18, 1998); *Mercer v. Green Haven Correctional Facility*, 94 Civ. 6238, 1998 U.S. Dist. LEXIS 2108, *11-12 (S.D.N.Y. Feb. 27, 1998)(citations omitted); *Cruz v. Sielaff*, 767 F. Supp. 547, 550 (S.D.N.Y. 1991). Thus, plaintiff has no right created by the constitution to attend or to receive approval for a deathbed or a funeral visit.

A state may create liberty or property interests that are not conferred by the constitution itself. *Cruz*, 767 F. Supp. at 550 (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461 (1989)). In order for a state law, regulation, or directive to create a protected liberty or property interest, the state must use "explicitly mandatory language," must place "substantive limitations on official discretion," and must require that a "particular result is to be reached" upon the finding of substantive

4

predicates. *Id.* (citing *inter alia*, *Kentucky Dep't of Corrections*, 490 U.S. at 462-63; *Hewitt v. Helms*, 459 U.S. 460, 472 (1983); *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)).

The authority for deathbed[1] and funeral visits is articulated in section 113 of the New York Corrections Law. N.Y. CORRECT. LAW § 113.  Section 113 simply states that the commissioner of correctional services "***may permit***" inmates to attend funerals of certain family members or to visit the individual if "death be imminent." *Id.* (emphasis added).  The statute further provides that the power to grant these visits will be governed by rules and regulations promulgated by the commissioner. *Id.* There is ***no mandatory language*** in this statute that would confer a liberty interest in being afforded the opportunity to go on either one of these types of visits.

The notification of the death or grave illness of an inmate's family member is governed by Department of Correctional Services (DOCS) Directive No. 4206.  There are two types of deathbed or funeral visits.  One type is governed by DOCS Directive No. 4901: Transporting Prisoners, and is for those inmates who are ***not eligible*** to be released on their own and will have to be escorted to and from the visit.  The second type of visit is governed by DOCS Directive No. 7001: Temporary Release Programs, and is for inmates who ***would be eligible*** for temporary release and would be able to travel to and from the visit ***without*** a DOCS escort.

A review of DOCS Directive No. 4206 also shows that there is ***no mandatory***

---

[1] Plaintiff uses the term "bedside" visit, however, the proper term is "deathbed" visit. This term is important because in order to get approval for this type of visit, death must be "imminent." N.Y. CORRECT. LAW § 113.

*language* in that directive that would assure the approval of a deathbed or funeral visit if certain substantive criteria were met.  This directive provides that, after a request for the visit is made, the chaplain or senior counselor summarizes all the relevant information regarding the inmate's relative and requests that the Superintendent "*consider a trip for the inmate.*"  DOCS Directive No. 4206(V).  Once the Superintendent receives the request, he or she proceeds under either Directive No. 4901 for inmates that would have to be escorted and under Directive No. 7001 for inmates who would be eligible for a temporary release from the facility.[2]

Directive No. 4206 also provides that the chaplain or counselor must determine if the visit is permissible based upon a verification of family relationship, and must tell anyone who telephones the facility inquiring whether the inmate may attend the funeral or make the visit, that the visit is contingent upon both verification of relationship *and Superintendent approval*.  DOCS Directive No. 4206(III).  There is no mandatory language indicating that the Superintendent must approve any type of visit.  Thus, no liberty interest is created by the statute or directives regarding *escorted* deathbed or funeral visits.[3]  Because there was no liberty interest created, plaintiff's due process claim must fail.

Plaintiff also seems to claim that the defendants failed to conduct "a meaningful

---

[2] The court notes that plaintiff has not indicated that he is eligible for temporary release, thus, the court assumes that plaintiff is referring to an escorted deathbed or funeral visit.

[3] This court makes *no findings* regarding any other types of visits.  The court does note that inmates who are eligible for temporary release are governed by the temporary release directives and regulations.  *See* DOCS Directive No. 7001; 7 N.Y.C.R.R. §§ 1901.1 *et seq*.

investigation." As stated above, since there is no liberty interest, there is also no standard for the degree of "investigation" that must be made to determine whether an inmate should be allowed to attend the requested visit. At best, this claim is one alleging that defendants were incorrect or negligent in their determination that plaintiff had not met the "relationship" requirement of the rules. Plaintiff cannot base a section 1983 case upon the negligent conduct of any defendant. *See Verrone v. Jacobsen*, 1999 U.S. Dist. LEXIS 3593 at *16 (citing *inter alia Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347 (1986)).

The court would also point out that the documents attached to plaintiff's complaint indicate that the visits **were considered** and permission was denied in his case because the facility investigation showed that despite plaintiff's marriage certificate, there was a question as to whether plaintiff was still married to the woman who he wished to visit. *Compare* Plaintiff's Ex. A *with* Plaintiff's Ex. B-4. Plaintiff filed a grievance regarding the denial of the visitation, and the Superintendent's response was that the "[r]elationship was not established in that [sic] pre-sentence report and reception record indicated marital status as divorced. . . . Funeral director indicated the deceased was divorced." Plaintiff's Ex. B-4.

Even if the information received by the facility were incorrect, or facility officials were negligent in failing to investigate further, plaintiff's claim does not rise to the level of a constitutional violation. Thus, any due process claims, including any claims of inadequate investigation may be dismissed.

### B. Equal Protection

In order to state an equal protection violation, plaintiff must show that he was selectively treated as compared to similarly situated inmates, and that his selective treatment was motivated by an impermissible consideration such as membership in a suspect class, retaliation for the exercise of a constitutional right, or malicious or bad faith intent to injure. *Birmingham v. Ogden*, 70 F. Supp. 2d 353, 371 (S.D.N.Y. 1999).

In this case, plaintiff claims that other inmates in similar circumstances were allowed to attend funerals or participate in death bed visits.[4] However, the documents that are attached to plaintiff's complaint show that there was a ***factual dispute*** regarding whether plaintiff was still married to his wife. At a minimum, plaintiff would have to show that another inmate whose relationship to the dying individual was ***in question*** was allowed to attend the visit while plaintiff's visit was denied. Plaintiff has not shown or alleged that another inmate who may have been divorced was allowed to attend his ex-wife's funeral or visit her deathbed. Thus, based on the complaint, plaintiff does not allege an equal protection violation.

### C. Cruel and Unusual Punishment

Plaintiff alleges that defendants subjected him to cruel and unusual punishment by denying him the opportunity to see his wife before she died and to attend her funeral. The Eighth Amendment is violated by the unnecessary and wanton infliction of pain. *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). *See also Whitely v.*

---

[4] Although plaintiff submits the declaration of another inmate, the court cannot consider the document on a motion to dismiss because it was not attached to the complaint or incorporated by reference in the complaint. FED. R. CIV. P. 12(b)(6).

*Albers*, 475 U.S. 312, 320-21 (1986)(quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.), *cert. denied*, 414 U.S. 1033 (1973)).

Considering that it was within the Superintendent's discretion to grant or deny the visits, plaintiff's claims do not support an inference that defendants wantonly inflicted "pain" upon plaintiff sufficient to rise to the level of an Eighth Amendment violation.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion to dismiss (Dkt. No. 15) be **GRANTED**, and the complaint **DISMISSED IN ITS ENTIRETY.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: August 28, 2007

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge