**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LUIS M. ROMAN,**

                         **Plaintiff,**                    **9:06-CV-1071**
                                                           **(GLS/GJD)**

               **v.**

**J. DONELLI, Superintendent,**
**Bare Hill Correctional Facility, et al.,**

                         **Defendants.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**FOR THE PLAINTIFF:**

LUIS M. ROMAN
Plaintiff, _Pro Se_
Caller Box 20
Bare Hill Correctional Facility
181 Brand Road
Malone, NY 12953

**FOR THE DEFENDANT:**

HON. ANDREW M. CUOMO                          GERALD J. ROCK
New York State                                Assistant Attorney General
Attorney General
The Capitol
Albany, New York 12224-0341

**Gary L. Sharpe**
**U.S. District Judge**

## **MEMORANDUM-DECISION AND ORDER**

### **I. Introduction**

Plaintiff *pro se* Luis M. Roman ("Roman") brings this action pursuant to 42 U.S.C. § 1983.  He alleges that the defendants violated his constitutional rights under the Eighth and Fourteenth Amendments by refusing to allow him to visit his wife on her deathbed or attend her funeral. *See Compl.*; *Dkt. No 1*.  Defendants' pre-answer motion to dismiss was referred to Chief Magistrate Judge Gustave J. DiBianco for report and recommendation.[1]  *See* Dkt. No. 23; *see also* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. R. 723(c); Gen. Order No. 12, § D(1)(G).  Judge DiBianco recommended that the complaint be dismissed in its entirety.

Pending is Roman's specific objection to the recommendation that his equal protection claim be dismissed.  *See Objection, Dkt. No. 24.*  The court reviews this objection *de novo* and the remainder of the report for clear error.  Upon careful consideration of the arguments, the relevant parts of the record, the applicable law, and the additional reasons cited, the court adopts the Report-Recommendation in its entirety and dismisses the

---

[1]  The Clerk is directed to append Judge DiBianco's Report-Recommendation to this decision, and familiarity is presumed.

2

complaint.

## II. Standard of Review

A party's objection to the findings and recommendations of the Magistrate Judge must be filed within 10 days of receiving the Magistrate's recommendation and order.  *See Almonte v. N.Y. State Div. of Parole*, No. 9:04-CV-484, 2006 WL 149049, at *2-6 (N.D.N.Y. Jan. 18, 2006). Objections must be written and specific, which is to say they must "specify the findings and recommendations to which [the party] object[s], and the basis for their objections."  *Id.*

Those recommendations and findings as to which the party has made timely, specific objection must be reviewed *de novo*.  *Id.*  However, those as to which the party has not made timely and/or specific objection are not entitled to any review, although the court may, in its discretion, elect to conduct a review nonetheless.  *Id.*  While the court may conduct a discretionary review pursuant to any standard it sees fit, this court has consistently applied a "clearly erroneous" standard. *Id.*  Under this standard a recommendation or finding will be overturned only if "the court determines that there is a mistake of fact or law which is obvious and affects substantial rights."  *Id.*      Objections based on arguments not

3

raised as a matter of first impression before the Magistrate Judge, and which fail to respond to the findings of the Magistrate, are also not entitled to any review. *See Almonte,* 2006 WL 149049, at *2-6*.*  In such a situation the court may again elect to conduct a discretionary review, this time using a *de novo* standard as a matter of necessity, since the Magistrate has not had an opportunity to pass on the argument.  *See Id.*

### III. Discussion

### A.    Procedural Due Process and Eighth Amendment Claims

Judge DiBianco has recommended that the defendants' motion to dismiss be granted on Roman's: (1) procedural due process claim, because "there is no constitutionally protected liberty or property interest in attending the funeral of a family member;" and (2) Eighth Amendment claim because there is no evidence "that defendants wantonly inflicted 'pain' upon plaintiff sufficient to rise to the level of an Eighth Amendment violation." *See R&R pgs. 4-9, Dkt. No. 23.*  Since Roman has failed to object in any form to Judge DiBianco's recommendation on the Eighth Amendment claim, and has only non-specific, conclusory objections to the recommendation on the procedural due process claim, he has procedurally defaulted as to those claims.  The court adopts Judge DiBianco's

4

recommendations of dismissal on those claims in their entirety as they are devoid of clear error.

**B.    Equal Protection Claim**

Roman has specifically objected to Judge DiBianco's recommendation that his equal protection claim be dismissed.  *See Objection, Dkt. No. 24.*  Judge DiBianco found that Roman's relationship to his alleged wife was in dispute.  *See R&R pg. 8, Dkt. No. 23.*  Thus, in order to establish a selective treatment claim, Roman needed to show other inmates were allowed deathbed and funeral visitation with dying persons to whom their relationships were in dispute, while he was denied such visitation.  *See R&R pg. 8, Dkt. No. 23.*   As Judge DiBianco noted, Roman failed to allege such different treatment between similarly situated inmates and thus his equal protection claim for selective treatment failed. *Id.*

Roman objects, alleging that other prisoners were permitted deathbed and funeral visits with non-family members, and seeks discovery of various inmates' records to establish this point.  *See Objection ¶¶ 2-3, Dkt. No. 24.*  This argument was not raised before Judge DiBianco, but is responsive to the findings and recommendation of dismissal.  *See Compl.*;

*Dkt. No 1*.  Thus the court reviews the objection *de novo*, finds it without merit, and agrees with the recommendation of dismissal.

"To prevail on a selective treatment [equal protection] claim, a plaintiff must show that (1) he was treated differently from other similarly-situated individuals; and (2) the differential treatment was based on 'impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Skehan v. Vill. of Mamaroneck*, 465 F.3d 96, 110 (2d Cir. 2006) (quoting *LaTrieste Rest. & Cabaret v. Vill. of Port Chester*, 40 F.3d 587, 590 (2d Cir. 1994)).

Roman alleges that he was denied deathbed and funeral visitation with his deceased wife, to whom his relationship was disputed, while other similarly situated inmates were allowed such visitation.  *See Objection ¶¶ 2-3, Dkt. No. 24.*  Even if we assume, *arguendo*, that these allegations are sufficient to satisfy the first prong under a selective treatment claim, Roman is still unable to meet the second prong.  Roman fails to demonstrate that there was an "impermissible consideration" on the part of the defendants.  He does not allege race, religion or even bad faith played a role in the denial of his requested visitation, only that such denial was

improper.  Thus Roman cannot make out a selective treatment cause of action under the Equal Protection Clause.

### III.  Conclusion

Having reviewed the Report-Recommendation, and Roman's specific objection *de novo*, the court adopts Judge DiBianco's recommendation that the complaint be dismissed in its entirety for the reasons articulated in the Report-Recommendation and for the additional reasons recited herein.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Judge DiBianco's August 28, 2007 Report-Recommendation (*Dkt. No. 23*) is accepted and adopted in its entirety, the complaint is dismissed; and it is further

**ORDERED** that the Clerk of the Court enter judgment and close this case; and it is further

**ORDERED** that the Clerk of Court provide copies of this Order to the parties.

**IT IS SO ORDERED.**

October 9, 2007
Albany, New York

Gary L. Sharpe
U.S. District Judge

7