**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LUIS M. ROMAN**

                     **Plaintiff,**               **9:06-CV-1071**
                                                          **(GLS/GJD)**

        **v.**

**JOHN DONELLI, Superintendent,**
**Bare Hill Correctional Facility;**
**LEE JUBERT, Deputy Superintendent,**
**Bare Hill Correctional Facility**

                     **Defendants.**
_____

**APPEARANCES:**                     **OF COUNSEL:**

**FOR THE PLAINTIFF:**

LUIS M. ROMAN
*Pro Se*
03-A-6264
Mt. McGregor Correctional Facility
1000 Mt. McGregor Road
Wilton, NY 12831


**FOR THE DEFENDANTS:**

HON. ANDREW M. CUOMO          GERALD J. ROCK
New York State                         Assistant Attorney General
Attorney General
The Capitol
Albany, New York 12224-0341

**Gary L. Sharpe**
**U.S. District Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Luis M. Roman ("Roman") moves pursuant to Local Rule 7.1(g)[1] for reconsideration of this court's October 10, 2007 decision insofar as it denied him discovery on certain issues related to his equal protection claim and dismissed such claim. For the reasons that follow, the motion is denied.

## II. Background

On September 6, 2006, Roman filed a complaint against Defendants Jubert and Donelli claiming they had improperly denied his request to attend his wife's funeral. *Dkt. No. 1.* Roman asserted § 1983 claims under the Eighth and Fourteenth Amendments for cruel and unusual punishment, denial of procedural due process, and violation of his equal protection rights. *Id.* On the State's 12(b)(6) motion, Magistrate Judge

---

[1] Northern District of New York Local Rule 7.1(g) provides, "[m]otions for reconsideration or reargument, unless Fed. R. Civ. P. 60 otherwise governs, may be filed and served no later than TEN CALENDAR DAYS after the entry of the challenged judgment, order, or decree." Thus, it should be noted that the court could decline to hear this motion based solely on the fact that Roman filed it nearly two months after entry of the underlying judgment. However, because the prisoner is *pro se* the court will address the merits of the motion.

2

DiBianco recommended that the entire complaint be dismissed.  *Dkt. No. 23.*  As relevant here, Judge DiBianco noted that an equal protection claim requires the plaintiff to show that he was treated differently than those similarly situated.  *Id.* at 8.  However, Roman, whose marriage to the deceased was in dispute, had not presented any allegations that other prisoners were allowed to attend the funerals of those to whom their relationships were in dispute.  *Id.*  Thus, it was recommended that the equal protection claim be dismissed.  *Id.*

Roman objected to the recommendation, alleged that other prisoners had been allowed to attend the funerals of non-family members, and asked this court to grant him discovery limited to that issue.  *Dkt. No. 24.*  The court instead adopted the recommendation of Judge DiBianco and dismissed the equal protection claim, along with the rest of the complaint, thereby denying the request for discovery.  *Dkt. No. 25.*  Roman subsequently filed this motion for reconsideration of the court's ruling on his equal protection claim.  *Dkt. No. 30.*

### III. Discussion

**A.    Motion for Reconsideration Standard**

Motions for reconsideration proceed in the Northern District of New

York under Local Rule 7.1(g).  The moving party must "point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

"In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements."  *In re C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995).  Generally, the prevailing rule "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Id.* at 3 (citation omitted).  "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."  *Shrader*, 70 F.3d at 257.  "[A]ny litigant considering bringing a motion for reconsideration must evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant."  *Gaston v. Coughlin*, 102 F. Supp. 2d 81, 83 (N.D.N.Y. 2000) (citation omitted).

**B.  Roman's Motion for Reconsideration**

4

The court noted in its prior decision that "[t]o prevail on a selective treatment [equal protection] claim, a plaintiff must show that (1) he was treated differently from other similarly-situated individuals; and (2) the differential treatment was based on 'impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Skehan v. Vill. of Mamaroneck*, 465 F.3d 96, 110 (2d Cir. 2006) (quoting *LaTrieste Rest. & Cabaret v. Vill. of Port Chester*, 40 F.3d 587, 590 (2d Cir. 1994)).  As discussed above, Judge DiBianco correctly noted that Roman's complaint was defective under the first prong.  It was under this prong that Roman requested discovery when he objected to the report recommendation.

However, as this court's opinion pointed out, the complaint was also deficient under the second prong, in that it failed to present any allegations that Roman's differential treatment was based on impermissible considerations.  *Dkt. No. 25-1, pg. 6-7.*  As such, even if the court had allowed Roman the requested discovery on the issue of whether other similarly situated inmates had been allowed to attend funerals, the

5

complaint remained fatally defective.[2]  Therefore, Roman's current assertion that the court was in error in denying his discovery request and dismissing his equal protection claim is without merit.

Roman has failed to demonstrate any of the three grounds for reconsideration.  He has not cited to any caselaw which would mandate that the court's prior decision be vacated.  He has not demonstrated an intervening change in controlling law, nor has he articulated any clear legal error.

In sum, Roman has not alleged any ground that would induce the court to grant a motion for reconsideration.  Instead, he reiterates the same arguments he made in objecting to Judge DiBianco's report recommendation.  *See, e.g.*, *Banco de Seguros Del Estado v. Mut. Marine Offices, Inc.*, 230 F. Supp. 2d 427, 431 (S.D.N.Y. 2002) (denying motion for reconsideration where movant "reargue[d] the points it made during the initial briefing and...explain[ed] to the Court how its analysis is

---

[2] Apparently realizing this, Roman now impermissibly alleges for the first time that the Defendants deliberately discriminated against him because he is not a "whistle blower," as many of the more favored prisoners are alleged to be.  A motion for reconsideration "may not be used to introduce new evidence [or allegations] that could have been brought to the court's attention during the original proceedings." *Stiggins v. Sullivan*, No. 03-CV-6226T, 2006 WL 1389776, at *1 (W.D.N.Y. May 19, 2006).  As such the court will not consider Roman's novel assertions of impermissible considerations.

6

'erroneous'"); *United States v. Delvi*, No. S12-CR-74, 2004 U.S. Dist. LEXIS 1672, at *5 (S.D.N.Y. Feb. 6, 2004) (denying motion for reconsideration where movant "point[ed] to no facts or law that the Court overlooked in reaching its conclusion, and instead simply reiterate[d] the facts and arguments that the Court already considered and rejected").  A motion for reconsideration is not an opportunity for "a second bite at the apple." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (citation omitted).  Accordingly, Roman's motion for reconsideration is denied.

## IV.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Roman's motion for reconsideration (Dkt. No. 30) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

December 18, 2007
Albany, New York

*/s/ Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge

7